# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROB J. MCCOY,<br>　　　　Plaintiff,<br>vs.<br><br>EXHIBITGROUP/GILTSPUR, INC.<br>AND VIAD CORPORATION, INC.,<br>　　　　Defendants.<br><br><br>AND<br><br>EXHIBITGROUP/GILTSPUR, INC.<br>AND VIAD CORPORATION, INC.,<br>　　　　Counterclaim-Plaintiffs,<br><br>V.<br><br>ROB J. MCCOY, Individually, and as<br>an Officer and Director of Stak Design,<br>Inc.<br>　　　　Counterclaim-Defendants,<br><br>AND<br><br>EXHIBITGROUP/GILTSPUR, INC.<br>AND VIAD CORPORATION, INC.,<br>　　　　Crossclaim-Plaintiffs,<br><br>V.<br><br>STAK DESIGN, Inc.; STANLEY<br>ZALENSKI, Individually, and as an<br>Officer and Director of Stak Design,<br>Inc.; DONALD ARIENT, Individually;<br>DONALD BARKER, Individually;<br>JOHN BUHLER, Individually; GARRY<br>COHN, Individually; MICHELLE<br>HAMILL, Individually; SHANNON<br>JUETT, Individually; LOREN WAYNE<br>KEOWN, Individually; JOACHIM<br>MOELLER, Individually; ANDREW C.<br>PLOEGER, Individually; and<br>MARJORIE STACY, Individually.<br>　　　　Crossclaim-Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 3: 03-CV-3050 P |

FILED FEB 18 2004
CLERK, U.S. DISTRICT C...

# CROSSCLAIM-DEFENDANT'S ANSWER

Respectfully submitted,

By: *Gary S Abrams*
Barry Zisman
State Bar No. 22279350
Brian Cuban, Of Counsel
State Bar No. 05201250
Gary S. Abrams
State Bar No. 24010616

1412 Main Street
Twenty-third Floor
Dallas, Texas 75202
Telephone: (214) 745-1300
Facsimile: (214) 720-0748

Counsel for Plaintiff Rob J. McCoy and Crossclaim-Defendants Stak Design, Inc., Stanley Zalenski, Donald Arient, Donald Barker, John Buhler, Garry Cohn, Michelle Hamill, Shannon Juett, Loren Wayne Keown, Joachim Moeller, Andrew C. Ploeger, and Marjorie Stacy

**OF COUNSEL:**
**THE ZISMAN LAW FIRM, P.C.**

## COUNTERCLAIM-DEFENDANT'S ORIGINAL ANSWER

NOW COME Crossclaim-Defendant, Michelle Hamill ("Crossclaim-Defendant"), a named Crossclaim-Defendant in the above-entitled and numbered cause, and file this Original Answer in response to Defendants/Crossclaim-Plaintiffs' Amended Answer, Counterclaim, Crossclaims, Application to Temporary Restraining Order, and Application for Temporary and Permanent Injunctions ("Crossclaim"), and show the Court:

### I.
### STATEMENT OF THE CASE

1. On or about December 1, 2003, Plaintiff/Counterclaim-Defendant, Rob J. McCoy, filed against Exhibitgroup and Viad his "Original Petition for Declaratory Judgment" ("Original Petition"), as well as his "Application for Temporary Restraining Order and Temporary Injunction." Said pleadings were filed in the 116th District Court of Dallas County, Texas.

2. On or about December 17, 2003, Exhibitgroup and Viad filed in the State Court their "Verified Denial, Affirmative Defense and Original Answer to Plaintiff's Original Petition."

3. On or about December 23, 2003, Exhibitgroup and Viad timely filed with this Court their "Notice of Removal."

4. On January 14, 2004, Exhibitgroup and Viad filed a Crossclaim against McCoy and also asserted crossclaims in the Action against Stak, Zalenski, Arient, Barker, Buhler, Cohn, Hamill, Juett,

Keown, Moeller, Ploeger, and Stacy (collectively, the "Crossclaim-Defendants"), seeking both monetary damages and injunctive relief against McCoy and the Crossclaim-Defendants for misappropriation of trade secrets, tortious interference with contracts and with prospective business relationships, theft or conversion of corporate opportunity, unfair competition, breaches of various contractual agreements, breaches of fiduciary duties and duties of loyalty, and civil conspiracy.

5. On January 15, 2004, McCoy filed his Motion seeking to remand this Action to the State District Court in which the Action was originally filed.

6. On January 27, 2004, Exhibitgroup and Viad filed "Defendants' Response to Plaintiff's Motion to Remand."

7. On January 30, 2004, McCoy filed "Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand."

8. On February 4, 2004, McCoy and the Crossclaim-Defendants filed Plaintiff's and Crossclaim-Defendants' Response to Defendants' Application for Temporary and Permanent Injunction.

9. On February 17, 2004, the Crossclaim-Defendants Motion to Dismiss for lack of subject matter jurisdiction with this Court.

## II.
## ANSWER

Paragraphs 1-19 need no response, as they were not part of any allegation associated with any cross-claim or counter-claim.

1. Crossclaim-Defendant admits Paragraph 20 of the Crossclaim.

2. Crossclaim-Defendant denies paragraph 21 of the Crossclaim, however venue over this action would be proper, providing this court has subject matter jurisdiction, which Crossclaim-Defendant denies.

3. Crossclaim-Defendant denies paragraph 22 of the Crossclaim. Crossclaim-Plaintiff has not demonstrated that this court has jurisdiction, specifically the amount in controversy requirement of 28 USC §1332 has not been met.

4. Crossclaim-Defendant admits paragraph 23 of the Crossclaim.

5. Crossclaim-Defendant admits Paragraph 24 a-b of the Crossclaim.

6. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 24 c-d of the Crossclaim.

7. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 25 of the Crossclaim.

8. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 26 of the Crossclaim.

9. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 27 of the Crossclaim.

10. Crossclaim-Defendant admits Stak is a corporation of which Zalenski and McCoy are officers and directors. Crossclaim-Defendant denies the remainder of Paragraph 28 of the Crossclaim.

11. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 29 of the Crossclaim.

12. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 30 of the Crossclaim.

13. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 31 of the Crossclaim.

14. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 32 of the Crossclaim.

15. As to Paragraph 33 of the Crossclaim, Crossclaim-Defendant admits 33(a), except the portion that states signing the documents was a "condition" to employment, which Crossclaim-Defendant denies. As to 33(b)-(c), Crossclaim-Defendant admits signing the documents at said times. Crossclaim-Defendant admits 33(d). Crossclaim-Defendant denies sections (e)-(i), except that pertaining to 33(f), she admits having some contact with customers and potential customers.

16. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 34 of the Crossclaim.

17. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 35 of the Crossclaim.

18. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 36 of the Crossclaim.

19. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 37 of the Crossclaim.

20. Crossclaim-Defendant lacks the requisite knowledge to admit or deny information provided in Paragraph 38 of the Crossclaim.

21. Crossclaim-Defendant denies the allegation set forth in Paragraph 39 of the Crossclaim.

22. Crossclaim-Defendant denies the allegation set forth in Paragraph 40 of the Crossclaim.

23. Crossclaim-Defendant denies the allegation set forth in Paragraph 41 of the Crossclaim.

24. Crossclaim-Defendant denies the allegation set forth in Paragraph 42 of the Crossclaim.

25. Crossclaim-Defendant denies the allegation set forth in Paragraph 43 of the Crossclaim.

26. Crossclaim-Defendant denies the allegation set forth in Paragraph 44 of the Crossclaim.

27. Crossclaim-Defendant denies the allegation set forth in Paragraph 45 of the Crossclaim.

28. Crossclaim-Defendant denies the allegation set forth in Paragraph 46 of the Crossclaim.

29. Crossclaim-Defendant denies the allegation set forth in Paragraph 47 of the Crossclaim.

30. Crossclaim-Defendant denies the allegation set forth in Paragraph 48 of the Crossclaim.

31. Crossclaim-Defendant denies the allegation set forth in Paragraph 49 of the Crossclaim.

32. Crossclaim-Defendant denies the allegation set forth in Paragraph 50 of the Crossclaim.

33. Crossclaim-Defendant denies the allegation set forth in Paragraph 51 of the Crossclaim.

34. Crossclaim-Defendant denies that Exhibitgroup and Viad are entitled to Temporary and Permanent Injunctions applied for under section VI of the Crossclaim.

35. Crossclaim-Defendant denies that Exhibitgroup and Viad are entitled to a Temporary Restraining Order applied for under section VI of the Crossclaim.

36. Crossclaim-Defendant denies that Exhibitgroup and Viad are entitled to any remedies sought in Section VIII of the Crossclaim entitled "Prayer."

37. Crossclaim-Defendant hereby denies anything and everything in the Crossclaim, which has not heretofore specifically been admitted or denied.

## III.
## AFFIRMATIVE DEFENSES

1. Counterclaim-Defendant, McCoy, contends that this Court lacks subject matter jurisdiction due to the inapplicability of federal question jurisdiction, and that the amount in controversy does not exceed the required amount.

2. To the extent that it is necessary to affirmatively assert, Crossclaim-Defendant asserts that all the documents at issue are invalid for reason of lack of consideration.

3. To the extent that it is necessary to affirmatively assert, Crossclaim-Defendant asserts that the documents at issue, the intended results of the documents at issue, and the intentions of the Defendants/Crossclaim-Plaintiffs are in violation of the public policy of the State of Texas.

## IV.
## PRAYER

Crossclaim-Defendant prays the Court dismiss for lack of jurisdiction. Alternatively, that this Court find in favor of Crossclaim-Defendant and deny the relief requested by Defendants/Crossclaim-Plaintiffs.

## CERTIFICATE OF SERVICE

    I hereby certify that on February 18, 2004, a true and correct copy of Crossclaim-Defendant's Answer was served to on Crossclaim-Plaintiff's counsel, Ms. Danielle Alexis Clarkson, Fulbright & Jaworski, L.L.P. by certified mail, return requested at 220 Ross Avenue, Suite 2800, Dallas, Texas 75201-2784.

_____
Gary S. Abrams

1