UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROB J. MCCOY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 03-CV-3050-B |
| | § | |
| EXHIBITGROUP/GILTSPUR, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Cross-claim Defendants' Motion to Dismiss, filed on February 17, 2004. For the following reasons, the Court **DENIES** the Cross-claim Defendants' Motion.

### I.  BACKGROUND

This is a declaratory judgment action filed by Plaintiff Rob J. McCoy ("Plaintiff") against Exhibitgroup/Giltspur, Inc. and Viad Corporation, Inc. ("Defendants") in state court on December 1, 2003. After filing an answer in state court, Defendants removed the case to this Court on December 23, 2003.[1] On January 14, 2004, Defendants filed an Amended Answer, purporting to join eleven individuals and a corporation as cross-claim defendants ("Cross-claim Defendants").[2] The Cross-claim Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on February 17, 2004, arguing that this Court lacked subject matter

---

[1] This case was originally before the Honorable Jorge A. Solis, but was transferred to the Honorable Jane J. Boyle on July 19, 2004, pursuant to Special Order No. 3-238.

[2] Specifically, the Cross-claim Defendants are Stanley Zalenski, Donald Arient, Donald Barker, John Buhler, Garry Cohn, Michelle Hamill, Shannon Juett, Loren Wayne Keown, Joachim Moeller, Andrew C. Ploeger, Marjorie Stacy, and Stak Design, Inc.

- 1 -

jurisdiction over the claims asserted against the Cross-claim Defendants.  On September 30, 2004, this Court signed an order permitting Defendants to file a Second Amended Answer, which removed the "cross-claim" designation and substituted "counterclaim" instead.  In that same order, the Court also permitted the Defendants to join the Cross-claim Defendants as parties.  The Motion has been fully briefed by the Defendants and Cross-claim Defendants, and the Court now turns to the merits of the parties' arguments.

## II.  ANALYSIS

The Cross-claim Defendants make several arguments in support of their request for dismissal for lack of subject matter jurisdiction.  First, the Cross-claim Defendants contend that, because they were not parties to the original action, they may not be joined by means of a cross-claim.  FED. R. CIV. P. 13(g) (stating cross-claims may be asserted against co-parties).  As noted above, however, Defendants have since amended their answer to refer to "counterclaims," and the Court has granted Defendants' Motion to join the Cross-claim Defendants as parties.  Therefore, the Court **DENIES AS MOOT** the Cross-claim Defendants' Motion to Dismiss on the ground that they may not be joined by means of cross-claims.

The second argument advanced by the Cross-claim Defendants is that the Court does not have supplemental jurisdiction over the claims asserted by Defendants against the Cross-claim Defendants.  Under 28 U.S.C. § 1367(b), if subject matter jurisdiction is founded on diversity, a court may not exercise supplemental jurisdiction over certain claims brought by *plaintiffs*, if those claims would destroy diversity.  The claims at issue in this Motion to Dismiss have been brought by

*defendants*, and thus, the Court is permitted to exercise supplemental jurisdiction over them.[3] *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492-93 (4th Cir. 1998).  Therefore, the Court **DENIES** the Cross-claim Defendants' Motion to Dismiss on the ground that the Court may not exercise supplemental jurisdiction over the claims.

Because the Court has supplemental jurisdiction over Defendants' claims against the Cross-claim Defendants, there is no need for the Defendants to demonstrate original subject matter jurisdiction over the claims.  Therefore, the Court **DENIES** the Cross-claim Defendants' Motion to Dismiss on the ground that Defendants have not established original subject matter jurisdiction over their claims against the Cross-claim Defendants.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Cross-claim Defendants' Motion to Dismiss.

**SO ORDERED**.

**SIGNED November 10, 2004**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] A review of the pleadings indicates that Defendants' claims against the Cross-claim Defendants are part of the same case or controversy as the claims over which the Court has original subject matter jurisdiction.  *See* 28 U.S.C. § 1367(a).